## THOMPSON v. BULLOCK.

September 29, 1838.

*Rule to show cause why a new trial should not be granted.*

A book of original entries is not evidence to prove goods sold and delivered, wherein the names and quantities of the articles are entered when they are ordered, and the prices are carried out at a subsequent date not designated when the goods are delivered, and the delivery is indicated by a tick.

ON the trial of this cause, the verdict was for the plaintiff, and this was a motion for a new trial.

The action was in assumpsit for goods sold and delivered. The plaintiff (a druggist,) offered his book of original entries in evidence. It appeared that the plaintiff had (according to his custom,) entered in the book the *names and quantities* of the articles ordered, *when the order was made*, but the *prices* were not carried out till a *subsequent* date when the goods were delivered, and then the articles were ticked off in the book.

*I. Norris*, for the rule, and
*Tyson*, contra,
Cited, Gaul *v.* Rhoads, 4 *Rawle* 404; Carman *v.* Crawford, 4 S. *&* R. 5; Kogley *v.* Brewer, 16 S. *&* R. 133; Rodman *v.* Jamison, 1 *Dall.* 85.

PER CURIAM.—The necessity of trade is the reason for the practice of allowing the book of original entries, authenticated by the plaintiff's own oath, to be read, which is an anomaly in the law of evidence. There is no necessity however, that the plaintiff should be allowed to make the charge or entry, or to commence it before the contract of sale is consummated by the delivery of the article, and sound policy requires that he should not be allowed to do so. The date in the book applies to the delivery as well as the sale. In this case, the *tick* only designates the delivery and that is not only without date, but in point of fact was made at a different date, though unascertained, from that on which the contract of sale was made.

Rule absolute.